IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| JOHN FARMER DE LA TORRE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 6:24-cv-03112-MDH |
| ) | |
| CATHOLIC CHARITIES OF SOUTHERN ) | |
| MISSOURI, INC., et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Before the Court are Defendant Diocese of Springfield-Cape Girardeau's ("Diocese") Motion to Dismiss for Failure to State a Claim (Doc. 11), Defendants Maura Taylor, Ken Palermo, Stephen Frye, Bishop Edward M. Rice, Amanda Holt Long, Claudia Baer, Jill Guise, and Bailey Boyd's ("Individual Defendants") Motion to Dismiss for Failure to State a Claim (Doc. 13), and Defendant Catholic Charities of Southern Missouri, Inc.'s ("CCSM") Partial Motion to Dismiss for Failure to State a Claim (Doc. 18).

**BACKGROUND**

This case arises out of an alleged violation of Title VII of the Civil Rights Act of 1964 based on Plaintiff's sex and national origin. Plaintiff was the Director of Communications and Marketing for CCSM, a non-profit corporation with its principal place of business in Springfield, Missouri. Plaintiff brings this action against CCSM, the Diocese, and individual defendants Maura Taylor, Ken Palermo, Stephen Frye, Bishop Edward M. Rice, Amanda Holt Long, Claudia Baer, Jill Guise, and Bailey Boyd.

1

Plaintiff was hired as CCSM's Director of Communications and Marketing in December of 2018. Plaintiff filed a complaint to the U.S. Equal Employment Opportunity Commission ("EEOC") on December 21, 2023. The EEOC Complaint alleged discrimination that took place from November 30, 2022 to March 1, 2023. Plaintiff alleged in the EEOC Complaint that he complained to human resources about discrimination based on being a Hispanic male within CCSM. After his complaint to human resources, Plaintiff was then placed on a Performance Improvement Plan ("PIP") that he alleged was a retaliatory objective to generate pretests to discharge him from the job. Plaintiff alleged he received positive feedback from various people for his work on February 10, 2023 and February 15, 2023. The PIP was closed on February 15, 2023 and Plaintiff was fired from his job on March 1, 2023.

Plaintiff received a Determination and Notice of Rights letter issued on January 17, 2024. The letter stated the EEOC will not proceed further with its investigation and makes not determination about whether further investigation would establish violations of this statute. Plaintiff was made aware he had 90 days from the letter to file a lawsuit. Plaintiff commenced the current action on April 18, 2024 alleging discrimination from November 10, 2020 to March 1, 2024. The Diocese, Individual Defendants, and CCSM all have filed motions to dismiss, and the Court will take each in turn.

**STANDARD OF REVIEW**

A complaint must contain factual allegations that, when accepted as true, are sufficient to state a claim of relief that is plausible on its face. *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (internal citations omitted). The

complaint's factual allegations must be sufficient to "raise a right to relief above the speculative level," and the motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 545 (2007). Further, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

## ANALYSIS

### I. Diocese's Motion to Dismiss

Defendant Diocese argues that Plaintiff's Complaint should be dismissed against them for failure to state a claim upon which relief can be granted. Specifically, they argue Plaintiff failed to comply with the statutory prerequisites mandated by Title VII prior to filing the Complaint against the Diocese; such claims are time-barred; and certain claims are beyond the scope of the underlying administrative charge. Plaintiff argues that the Diocese should not be dismissed for failure to exhaust administrative remedies due to its close relationship with the CCSM. Additionally, Plaintiff asserts his claims are not time-barred under the continuing violation doctrine, and the Diocese is the proper defendant due to its control over CCSM.

#### a. Failure to Exhaust Administrative Remedies

"Omission of a party's name form the EEOC charge does not automatically mandate dismissal of a subsequent civil action." *Greenwood v. Ross*, 778 F.2d 448, 451 (8th Cir. 1985) (quoting *Romero v. Union Pacific R.R.*, 615 F.2d 1303, 1311 (10th Cir. 1980)). The filing of an EEOC charge is unnecessary where an unnamed party has been provided with adequate notice of

3

the charge, under circumstances where the party has been given the opportunity to participate in conciliation proceedings aimed at voluntary compliance. *Greenwood v. Ross*, 778 F.2d 448, 451 (8th Cir. 1985). "The purpose behind this exception is to prevent frustration of the goals of Title VII by not requiring procedural exactness in stating the charge." *Greenwood v. Ross*, 778 F.2d 448, 451 (8th Cir. 1985) (quoting *Eggleston v. Chicago Journeymen Plumbers*, 657 F.2d 890, 905 (7th Cir. 1981), *cert. denied*, 455 U.S. 1017, 102 S.Ct. 1710, 72 L.Ed.2d 134 (1982)). A suit is not barred "where there is sufficient identity of interest between the respondent and the defendant to satisfy the intention of Title VII that the defendant have notice of the charge and an opportunity to attempt conciliation." *Greenwood v. Ross*, 778 F.2d 448, 451 (8th Cir. 1985) (quoting *Romero v. Union Pacific R.R.*, 615 F.2d at 1311).

Plaintiff failed to allege the Diocese involvement in his EEOC Complaint. Plaintiff does not allege in his federal Complaint how the Diocese has a sufficient identity of interest to CCSM or how the Diocese had a notice of the charge and an opportunity to attempt conciliation. Defendant Diocese's Motion to Dismiss Plaintiff's Complaint based on a failure to exhaust administrative remedy is **SUSTAINED WITHOUT PREJUDICE**. Plaintiff will have fourteen days from this Order to file an Amended Complaint that allege facts the Diocese has a sufficient identity of interest to CCSM, that the Diocese had notice of the charge in the EEOC Complaint, and whether the diocese had an opportunity to attempt conciliation.

b. **Title VII Timing Requirements**

Under Title VII, a plaintiff must file a charge within three hundred (300) days of a defendant's allegedly unlawful action. 42 U.S.C. § 2000e-5(e)(1). In determining when the 300-day limitations period begins to run, the proper focus is on the date of the discriminatory act, not

4

Case 6:24-cv-03112-MDH    Document 41    Filed 01/15/25    Page 4 of 8

the point at which the consequences of the act become painful. *Delaware State College v. Ricks*, 449 U.S. 250, 256–57 (1980). Discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges. *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113, 122 S. Ct. 2061, 2072, 153 L. Ed. 2d 106 (2002). The existence of past acts and the employee's prior knowledge of their occurrence, however, does not bar employees from filing charges about related discreet acts so long as the acts are independently discriminatory and charges addressing those acts are timely filed. *Id*.

Plaintiff's claims are partially time-barred. Plaintiff filed his EEOC Complaint on December 21, 2023. (Doc. 5-2, page 1). 300 days prior to that date is February 24, 2023. Plaintiff's claims arising prior to February 24, 2023 are untimely by virtue of 42 U.S.C. § 2000e-5(e)(1) and therefore should be dismissed. Plaintiff alleges a retaliatory discharge claim stemming from his dismissal on March 1, 2023. This claim is timely and may proceed. For the reasons stated, Defendant's Diocese's Motion to Dismiss Plaintiff's Claims arising prior to February 24, 2023 as Time-Barred is **GRANTED**.

c. **Scope of the Underlying Administrative Charge**

"Exhaustion of administrative remedies is central to Title VII's statutory scheme because it provides the EEOC the first opportunity to investigate discriminatory practices and enables it to perform its roles of obtaining voluntary compliance and promoting conciliatory efforts." *Shannon v. Ford Motor Co.*, 72 F.3d 678, 684 (8th Cir. 1996) (quoting *Williams v. Little Rock Mun. Water Works*, 21 F.3d 218, 222 (8th Cir. 1994)). To exhaust his remedies, a Title VII plaintiff must timely file his charges with the EEOC and receive, form the EEOC, a "right to sue" letter. 42 U.S.C. § 2000e-5(b), (c), (e). The proper exhaustion of administrative remedies gives the plaintiff a green

light to bring her employment-discrimination claim, along with allegations that are "like or reasonably related" to that claim, in federal court. *Shannon v. Ford Motor Co.*, 72 F.3d 678, 684 (8th Cir. 1996).

Based on the Court's finding that Plaintiff's claims prior to February 24, 2023 are time-barred those issues are resolved. Plaintiff's retaliatory discharge claim is within the EEOC Complaint. Plaintiff has exhausted his remedies in relation to that claim. Plaintiff's Complaint alleges unlawful employment practices from Nov. 10, 2020 through March 1, 2024. (Doc. 5, page 2). Plaintiff makes no mention of any unlawful employment practice past March 1, 2023. To the extent Plaintiff attempts to include any unlawful employment practice after March 1, 2023, it would outside the scope of the underlying administrative charge. For the reasons stated, Defendant Diocese's Motion to Dismiss Plaintiff's Complaint based on exceeding the scope of the underlying administrative charge as to claims prior to February 24, 2023 is **DENIED**. The Diocese's Motion to Dismiss Plaintiff's Complaint based on exceeding the scope of the underlying administrative charge as to claims arising after March 1, 2023 is **GRANTED.**

**II.     Individual Defendant's Motion to Dismiss**

Individual Defendants argue that Plaintiff's Complaint should be dismissed against them for failure to state a claim upon which relief can be granted because supervisors and individual employees are not liable in their individual capacity under Title VII. Additionally, they argue Plaintiff's claims are time-barred and that certain claims are beyond the scope of the underlying administrative charge. Plaintiff asserts individual defendants can be held liable under Title VII due to their significant control over the terms and conditions of Plaintiff's employment. Plaintiff

6

Case 6:24-cv-03112-MDH     Document 41     Filed 01/15/25     Page 6 of 8

further argues that his claims are not time-barred under the continuing violation doctrine, and that his claims are within the scope of the underlying administrative charge.

42 U.S.C. § 2000e-(b) defines who is considered an employer for purposes of Title VII. Employer means "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person[.]" 42 U.S.C. § 2000e-(b). Title VII address the conduct of employers only and does not impose liability on co-workers. *Allen v. Fam. Counseling Ctr.*, No. 1:09CV64 CDP, 2010 WL 254925, at *3 (E.D. Mo. Jan. 19, 2010) (citing *Powell v. Yellow Book USA, Inc.*, 445 F.3d 1074, 1079 (8th Cir. 2006). In the Eighth Circuit individual supervisors cannot be liable under Title VII. *Allen v. Fam. Counseling Ctr.*, No. 1:09CV64 CDP, 2010 WL 254925, at *3 (E.D. Mo. Jan. 19, 2010). *See also Roark v. City of Hazen, Ark.*, 189 F.3d 758, 761 (8th Cir. 1999).

Here, Plaintiff is attempting to sue the Individual Defendants in their individual capacity. None of the Individual Defendants listed falls under the definition of Plaintiff's employer as defined by statute. Title VII only addresses the conduct of employers and does not impose liability on co-workers or individual supervisors. Therefore, Plaintiff fails to state a claim upon which relief can be granted. For the reasons stated, Individual Defendant's Motion to Dismiss Plaintiff's Complaint against them is **GRANTED**. Individual Defendants Maura Taylor, Ken Palermo, Stephen Frye, Bishop Edward M. Rice, Amanda Holt Long, Claudia Baer, Jill Guise, and Bailey Boyd are dismissed from the case with prejudice.

**III.    CCSM's Motion to Dismiss**

Defendant CCSM argues that certain claims should be dismissed for failure to state a claim upon which relief can be granted. Specifically, Plaintiff's claims against CCSM for acts that occurred prior to February 24, 2023 are time-barred and must be dismissed. Further, Plaintiff's claims that are beyond the scope of the underlying administrative charge should be dismissed. Plaintiff argues that his claims are not time-barred due to the continuing violation doctrine and that discrete acts trigger a new limitations period. Additionally, Plaintiff argues he has properly exhausted his administrative remedies and has sufficiently pled his claims.

As discussed above, Plaintiff's claims arising prior to February 24, 2023 are time-barred based on 42 U.S.C. § 2000e-5(e)(1). Plaintiff may proceed with his retaliatory discharge claim as it is not time-barred and within his underlying EEOC Complaint. For the reasons stated, Defendant's Motion to Dismiss Plaintiff's Claims arising prior to February 24, 2023 as time-barred is **GRANTED**. Defendant's Motion to Dismiss Plaintiff's Claims arising after March 1, 2023 as beyond the scope of the underlying administrative charge is **GRANTED**.

## CONCLUSION

For the reasons set forth herein, Defendant Diocese's Motion to Dismiss for Failure to State a Claim is **SUSTAINED WITHOUT PREJUDICE**. Individual Defendant's Motion to Dismiss for Failure to State a Claim is **GRANTED**. Lastly, Defendant CCSM's Partial Motion to Dismiss for Failure to State a Claim is **GRANTED**.

**IT IS SO ORDERED**.
DATED: January 15, 2025

                                        */s/ Douglas Harpool*
                                        **DOUGLAS HARPOOL**
                                        **UNITED STATES DISTRICT JUDGE**