IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| JOHN FARMER DE LA TORRE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 6:24-cv-03112-MDH |
| ) | |
| CATHOLIC CHARITIES OF SOUTHERN ) | |
| MISSOURI, INC., et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is Defendant Catholic Charities of Southern Missouri, Inc.'s ("CCSM") Motion to Dismiss for Failure to State a Claim (Doc. 77). Defendant CCSM filed suggestions in support (Doc. 78), Plaintiff filed suggestions in opposition (Doc. 79) and Defendant CCSM has filed a reply. (Doc. 88). The motion is now ripe for adjudication on the merits. For the reasons stated herein, Defendant CCSM's Motion to Dismiss for Failure to State a Claim is **GRANTED IN PART AND DENIED IN PART**.

## BACKGROUND

This case arises out of an alleged violation of Title VII of the Civil Rights Act of 1964 based on Plaintiff's sex and national origin. Plaintiff was the Director of Communications and Marketing for Defendant CCSM, a non-profit corporation with its principal place of business in Springfield, Missouri. Plaintiff brings this action against CCSM, and the Diocese, a non-profit corporation with its principal place of business in Springfield, Missouri.

Plaintiff was hired as CCSM's Director of Communications and Marketing in December of 2018. Plaintiff filed a complaint to the U.S. Equal Employment Opportunity Commission

1

("EEOC") on December 21, 2023. The EEOC Complaint alleged discrimination that took place from November 30, 2022, to March 1, 2023. Plaintiff alleged in the EEOC Complaint that he complained to Human Resources about discrimination based on being a Hispanic male within CCSM. After his complaint to human resources, Plaintiff was then placed on a Performance Improvement Plan ("PIP") that he alleged was a retaliatory objective to generate pretests to discharge him from the job. Plaintiff alleged he received positive feedback from various people for his work on February 10, 2023, and February 15, 2023. The PIP was closed on February 15, 2023, and Plaintiff was fired from his job on March 1, 2023.

Plaintiff received a Determination and Notice of Rights letter issued on January 17, 2024. The letter stated the EEOC will not proceed further with its investigation and makes not determination about whether further investigation would establish violations of this statute. Plaintiff was made aware he had 90 days from the letter to file a lawsuit. Plaintiff commenced the current action on April 18, 2024. Plaintiff's First Amended Complaint alleges four counts: Count I – Retaliation Under Title VII against CCSM and the Diocese; Count II – Defamation against the Diocese; Count III – Negligent Supervision against the Diocese and Bishop; and Count IV – Civil Conspiracy to Retaliate against CCSM and the Diocese. The Court in its July 10, 2025, Order dismissed Count I – Retaliation Under Title VII against Defendant Diocese. (Doc. 73). Additionally, the Court in its August 26, 2025, Order granted Defendant Diocese's Motion to Dismiss for Failure to State a Claim.

Defendant CCSM asks this Court to dismiss Plaintiff's First Amended Complaint arguing Plaintiff has not plausibly alleged his Count I – Title VII Retaliation claim or his Count IV – Civil Conspiracy to Retaliate claim. The Court will take each argument in turn.

**STANDARD OF REVIEW**

A complaint must contain factual allegations that, when accepted as true, are sufficient to state a claim of relief that is plausible on its face. *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). The Court "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (internal citations omitted). The complaint's factual allegations must be sufficient to "raise a right to relief above the speculative level," and the motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 545 (2007). Further, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

**ANALYSIS**

**I.    Count I – Retaliation Under Title VII**

Defendant CCSM argues that Plaintiff has not attached a Charge of Discrimination or a Notice of Rights to Sue to his First Amended Complaint. Defendant CCSM further argues that Plaintiff does not allege any fact that he filed a Charge of Discrimination with the EEOC or that he received a Notice of Right to Sue from the EEOC in his First Amended Complaint. As such, Defendant CCSM argues that Plaintiff's claim for retaliation in Count I against CCSM fails to demonstrate he exhausted his administrative remedies which are a statutory prerequisite mandated by Title VII. Plaintiff argues that he timely filed an EEOC charge naming Defendant CCSM and clearly identified the Diocese as a materially involved party. Plaintiff further argues that the EEOC

records show the Diocese received notice during that process, and as such, administrative exhaustion was achieved to the extent required.

In reviewing the Complaint, the court construes it liberally and draws all reasonable inferences from the facts in the plaintiff's favor. *Myers v. Shangri-La Jefferson LLC*, No. 5:24-CV-06154-DGK, 2025 WL 1241908, at *2 (W.D. Mo. Apr. 29, 2025) (citing *Monson v. Drug Enforcement Admin.*, 589 F.3d 952, 961 (8th Cir. 2009)). The court generally ignores materials outside the pleadings but may consider materials that are part of the public record or materials that are necessarily embraced by the pleadings. *Miller v. Toxicology Lab. Inc.*, 688 F.3d 928, 931 (8th Cir. 2012).

The Court finds that Plaintiff has properly exhausted his administrative remedies to bring a claim for Count I – Retaliation Under Title VII. While Defendant CCSM is correct that Plaintiff has not attached a Charge of Discrimination or a Notice of Rights to Sue to his First Amended Complaint, Plaintiff has submitted a Notice of Rights to Sue letter in his original Complaint. (Doc. 5-2). The Court liberally construes Plaintiff's filing due to his *pro se* status and will not penalize him for failing to submit a document within his First Amended Complaint when he has already demonstrated he has properly exhausted his administrative remedies. Further, Plaintiff's First Amended Complaint states "Plaintiff has complied with all pre-filing and administrative requirements to bring this action." (Doc. 54, ¶ 58). The Court finds this statement sufficient to necessarily embrace the Notice of Rights to Sue letter from the EEOC Plaintiff had submitted within his original Complaint. Additionally, the Court finds the Notice of Rights to Sue letter being a matter of public record in this case is further evidence of the sufficiency to allow Plaintiff to proceed with his Count I claim. For the reasons stated, Defendant CCSM's Motion to Dismiss Count I – Retaliation Under Title VII is **DENIED**.

## II. Count IV – Civil Conspiracy to Retaliate

Defendant CCSM argues that Plaintiff has not alleged any fact that could be construed as an unlawful act or a civil conspiracy actionable under Missouri law. Defendant CCSM argues that Plaintiff is attempting to use the alleged Count I – Retaliation Under Title VII claim as the "unlawful conduct" in his civil conspiracy claim. However, Defendant CCSM argues that retaliation is the type of wrong Title VII was meant to cover and therefore, liability for retaliation is limited to the statutory scheme provided by Title VII. Plaintiff argues that he has properly alleged facts as to a civil conspiracy to retaliate and that civil conspiracy is not a statutory claim, but a standalone tort governed by Missouri law. Plaintiff argues that tort-based conspiracy claims are not preempted by Title VII.

Under Missouri law, "[a] 'civil conspiracy' is an agreement or understanding between persons to do an unlawful act, or use unlawful means to do a lawful act." *Oak Bluff Partners, Inc. v. Meyer*, 3 S.W.3d 777, 780–81 (Mo. 1999) (citing *Gibson v. Brewer*, 952 S.W.2d 239, 245 (Mo. banc 1997)). To state a claim for civil conspiracy, one must plead the following elements: "(1) two or more persons, (2) an object to be accomplished, (3) a meeting of the minds on the object or course of action, (4) one or more unlawful or overt acts, and (5) resulting damages." *Id*. at 781 (citing *Rice v. Hodapp*, 919 S.W.3d 240, 245 (Mo. banc 1996)). "[i]f [the] tortious acts alleged as elements of a civil conspiracy claim fail to state a cause of action, then the conspiracy claim fails as well." *Id*. (citing *Rice*, 919 S.W.2d at 245).

Taking the allegations in the Complaint as true for the purpose of a motion to dismiss, Plaintiff has failed to state a cause of action upon which relief can be granted. Here, Plaintiff's Complaint alleges:

5

> The Diocese and [CCSM], through their agents and leadership, engaged in a concerted plan to remove Plaintiff from his role under false pretenses. The communications official at the Diocese initiated a knowingly false statement that became the rationale for termination. [CCSM] acted in reliance on or in agreement with this false information. The coordinated timing and actions of both entities demonstrate a shared intent and mutual participation in retaliatory conduct.

(Complaint ¶¶ 40-43). While Plaintiff appears to have sufficiently made a claim for civil conspiracy to retaliate, the Court finds that this count is preempted by Title VII. The Eighth Circuit has stated that "Title VII provides the exclusive remedy for employment discrimination claims crated by its own terms, its exclusivity ceases when the employer's conduct also amounts to a violation of a right secured by the Constitution." *Henley v. Brown*, 686 F.3d 634, 642 (8th Cir. 2012). Plaintiff alleges "[o]n November 30, and December 2, 2022, Plaintiff engaged in protected activity by raising concerns regarding potential discrimination and unethical conduct within Catholic Charities." (Complaint ¶ 8). While Plaintiff does not expand on what protected activity, he cites Title VII of the Civil Rights Act of 1964. (Complaint ¶ 4). The allegations in Plaintiff's Count IV stem from a theory that Defendants acted to retaliate based on his concerns regarding potential discrimination and unethical conduct that is prohibited by Title VII. Plaintiff does not raise a violation of his rights secured by the Constitution and thus Title VII is the exclusive remedy in this case. Based off the Complaint, Plaintiff has failed to state a claim for relief on Count IV as the exclusive remedy for a Title VII violation is through a Title VII claim. For the reasons stated, Defendant CCSM's Motion to Dismiss Count IV is **GRANTED**.

## CONCLUSION

For the reasons stated, Defendant CCSM's Motion to Dismiss Plaintiff's Count I – Retaliation Under Title VII is **DENIED**. Defendant CCSM's Motion to Dismiss Plaintiff's Count IV – Civil Conspiracy to Retaliate is **GRANTED**.

**IT IS SO ORDERED**.

DATED: September 23, 2025

                                                 */s/ Douglas Harpool*
                                               **DOUGLAS HARPOOL**
                                               **UNITED STATES DISTRICT JUDGE**