IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| JOHN FARMER DE LA TORRE, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 6:24-cv-03112-MDH |
| CATHOLIC CHARITIES OF SOUTHERN MISSOURI, INC., et al., | ) |
| Defendants. | ) |

## ORDER

Before the Court is Plaintiff's *Pro Se* Motion to Enforce Settlement Agreement as to Undisputed Portion. (Doc. 204). Plaintiff filed Suggestions in Support (Doc. 205), Defendant Catholic Charities of Southern Missouri, Inc. ("CCSM") filed a response (Doc. 206) and Plaintiff has filed a reply. (Doc. 209). The motion is now ripe for adjudication on the merits. For the reasons stated herein, Plaintiff's *Pro Se* Motion to Enforce Settlement Agreement as to Undisputed Portion is **GRANTED IN PART AND DENIED IN PART**.

## BACKGROUND

On November 19, 2025, this Court ordered the parties to submit this case to a mediation. (Doc. 181). On December 5, 2025, Plaintiff entered into a written legal services agreement ("Legal Agreement") with the law firm of Hanrahan, Nacy & Mullikin to assist Plaintiff with the mediation. (202-1). The Legal Agreement stated that the fee for services of the firm would be fifty (50) percent of the gross recovery of the settlement, to which Plaintiff agreed. *Id*. Subsequently Mr. William Peter Nacy of Hanrahan, Nacy & Mullikin entered an appearance in this case. (Docs. 187).

1

On December 9, 2025, the parties participated in mediation and ultimately settled all issues in the case. The parties then executed a written settlement agreement ("Settlement Agreement"). (Doc. 202-2). On February 10, 2026, Plaintiff sent an email to Mr. Nacy terminating the Legal Agreement and stating he is planning on paying Mr. Nacy the reasonable hourly fees and reimbursable costs incurred prior to termination of the Legal Agreement, instead of the fifty percent gross recovery of the settlement. (Doc. 202-3). This Court then ordered Plaintiff and Mr. Nacy to submit to the Missouri Bar's Fee Dispute Resolution Program to resolve the issue regarding the amount owed to Mr. Nacy for his legal services. (Doc. 203).

Plaintiff now brings his current motion asking the Court to enforce the parties' December 9, 2025 written settlement memorandum; directing Defendant to tender the undisputed portion of the settlement within fifteen (15) days; and directing that any disputed attorney fee portion be deposited into the Court's registry pursuant to Federal Rule of Civil Procedure 67 pending resolution of the fee dispute.

**DISCUSSION**

All parties are in agreement regarding enforcement of the Settlement Agreement. Defendant CCSM's response states that it does not oppose Plaintiff's request. However, Defendant requests that any Order from the Court provide that Plaintiff must provide executed Internal Revenue Service ("IRS") Form W-9 and IRS Form W-4 as Defendant needs such documents in order to process the two settlement checks to Plaintiff. (Doc. 206, page 2). Defendant also requests that the Court provide instructions for Defendant to deposit the attorney fees portion of the settlement amount with the Court's registry and providing instructions for Defendant to do so. (Doc. 206, pages 2-3). Mr. Nacy had also previously asked this Court to compel enforcement of

the settlement. (Doc. 197).[1] As the parties are in agreement, the Court will grant in part Plaintiff's *Pro Se* Motion to Enforce Settlement Agreement as to Undisputed Portion.

## CONCLUSION

**WHEREFORE** all the parties are in agreement regarding enforcement of the Settlement Agreement the Court hereby Orders that Plaintiff's *Pro Se* Motion to Enforce Settlement Agreement as to Undisputed Portion is **GRANTED IN PART AND DENIED IN PART**.

It is **FURTHER ORDERED** that:

(1) The parties are bound by the provisions stated in the Settlement Agreement.

(2) Defendant CCSM is hereby Ordered to pay one half (1/2) of the settlement proceeds to the Plaintiff's attorney, Mr. Nacy, and the remaining one half (1/2) of the settlement proceeds to the Plaintiff, subject to the terms of the Settlement Agreement, within fifteen (15) days of this Order.

(3) Plaintiff shall furnish to Defendant CCSM executed IRS Forms W-9 and W-4 to Defendant's Counsel within five (5) days of this Order.[2]

(4) Mr. Nacy, upon payment from Defendant CCSM, shall hold the settlement proceeds in the firm's escrow account pending final resolution from the Missouri Bar's Fee Dispute Resolution Program. Within thirty (30) days after participation in the program, the parties will advise the Court as to the status of the dispute.

---

[1] Mr. Nacy has not filed anything pursuant to the current motion, however, given Mr. Nacy's prior motion, the Court will conclude that Mr. Nacy would be in support of enforcing the settlement in this case.

[2] Plaintiff has indicated that he has submitted his IRS Forms W-9 and W-4 to Defendant in this matter. Should Defendant be content with Plaintiff's W-9 and W-4 forms, then this provision will be considered satisfied.

(5) The parties will notify the Court upon payment of the funds from the Settlement Agreement.

**IT IS SO ORDERED**.

DATED: March 10, 2026

                                                */s/ Douglas Harpool*
                                                **DOUGLAS HARPOOL**
                                                **UNITED STATES DISTRICT JUDGE**